IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

CLIFFORD WOOD,

      Defendant.

Criminal No. 16-035
ELECTRONICALLY FILED

# MEMORANDUM ORDER RE: DEFENDANT'S
# MOTION TO DISMISS INDICTMENT (DOC. NO. 68)

Presently before the Court is Defendant's Motion to Dismiss the Indictment. Doc. no. 68. In this Motion – the second such Motion filed in this case – Defendant argues that *Mathis v. United States*, 136 S. Ct. 2243 (2016), supports his Motion. The Government filed a Response in Opposition to the Motion to Dismiss. Doc. no. 70. In its Response, the Government argues that the Motion is untimely, as it relates to sentencing, not charging.

In *Mathis,* the Supreme Court examined the Armed Criminal Career Act ("ACCA"), which imposes a 15-year mandatory minimum sentence on a defendant convicted of being a felon in possession of a firearm who also has three prior state or federal convictions "for a violent felony," or "a serious drug offense," or both. 18 U.S.C.A. § 924(e). The Petitioner in *Mathis* pled guilty to being felon in possession of a firearm. During sentencing, he argued that one of his prior crimes did not meet the definition of "violent felony," and thus, he would not be subject to the 15-year mandatory minimum sentence under the ACCA. The Supreme Court held that because Iowa's burglary law (under which Mathis was previously convicted) was broader

than those of generic burglary, Mathis' prior burglary convictions could not give rise to the ACCA's sentence enhancement.

Turning to the instant matter, Defendant has not pled guilty to the pending charge of a felon in possession of a firearm. In fact, the trial on this gun charge is set to begin on November 28, 2016. Defendant does have prior drug convictions which may trigger the application of the ACCA at the time of sentencing. Defendant's Motion, predicated upon *Mathis,* is not appropriate at this juncture of these criminal proceedings.

Accordingly, the Court declines to consider whether the ACCA or the application of *Mathis* to the instant case are applicable to this case, because such consideration is improper until the sentencing phase of a criminal case.

Accordingly, as his Motion to Dismiss does not raise any basis for dismissing the Indictment, Defendant's motion is **DENIED**.

**SO ORDERED, this 23rd day of November, 2016,**

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties