IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

                        Plaintiff,                        Criminal No. 16-35
                                                  Civil No. 19-84
              v.                                ELECTRONICALLY FILED

CLIFFORD WOOD,

                        Defendant.

**MEMORANDUM OPINION DENYING DEFENDANT'S ORIGINAL MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (DOC. 112), AND AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (DOC. 129)**

Pending are: (1) Defendant Clifford Wood's original *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, remanded to this Court by the United States Court of Appeals for the Third Circuit to consider Defendant's argument under *Rehaif v. United States*, 139 S. Ct. 2191 (2019) ("*Rehaif*") ("Original Section 2255 Motion") (Doc. 112); and (2) Defendant's *pro se* Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Amended Section 2255 Motion"), which also is premised upon the Supreme Court's *Rehaif* decision (Doc. 129) (collectively "Defendant's Section 2255 Motions").

In *Rehaif*, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.

## I. Background

A criminal Complaint was filed against Defendant on February 19, 2016.  (Doc. 1).

Thereafter, on February 23, 2016, Defendant was charged in a one-count Indictment with being a

felon in possession of a firearm, namely a Ruger Security Six .357 revolver, on or about

February 18, 2016, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  (Doc. 5).  Listed in the

Indictment were three Pennsylvania state court convictions upon which the federal court, felon in

possession of a weapon, charge was based; all three state court convictions were for drug

trafficking crimes.  (Doc. 5).  On March 10, 2016, Defendant pleaded not guilty to the charges

contained in the Indictment.  (Doc. 16).

On November 29, 2016, shortly after the start of Defendant's trial, pursuant to a Rule

11(c)(1)(C) plea agreement, Defendant pleaded guilty to being a felon in possession of a firearm,

in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  (Doc. 84).  Pursuant to the terms of the plea

agreement, Defendant's sentence would depend on whether or not the Court determined that

Defendant had "3 previous convictions for violent felonies or serious drug offenses or both"

under 18 U.S.C. § 924(e).  The parties agreed that if the Court determined that Defendant had

three previous convictions "for violent felonies or serious drug offenses or both," then the

appropriate sentence was a term of imprisonment of fifteen years/180 months.  The plea

agreement also contained a provision whereby Defendant agreed to waive his right to direct

appeal, subject to three exceptions not relevant to the pending motions.  Defendant did not waive

his right to file a collateral appeal.

On March 30, 2017, the Court issued Tentative Findings and Rulings, wherein it

concluded that Defendant's three prior Pennsylvania state court convictions at Court of Common

Pleas of Allegheny County docket numbers CP-02-CR-0014759-2005, CP-02-CR-000445-2006,

and CP-02-CR-0008167-2006, qualified "as 'controlled substance offenses' and are predicate offenses to the ACCA."  (Doc. 100 at 4).

On April 7, 2017, the Court accepted the Rule 11(c)(1)(C) plea agreement, and sentenced Defendant to 180 months' imprisonment.  (Doc. 102).  Absent this plea agreement, Defendant's advisory guidelines sentencing range would have been 188-235 months, as Defendant's offense level was a 31 and his criminal history category a VI.  (Doc. 90).   Had Defendant gone to trial, and been convicted, his advisory guidelines sentencing range would have been 262 - 327 months as Defendant's offense level would have been a 34 and his criminal history category a VI. U.S.S.G., Chapter 5.

On April 19, 2017, Defendant appealed the judgment of conviction.  (Doc. 103).  On September 18, 2017, the United States Court of Appeals for the Third Circuit enforced the appellate waiver contained in Defendant's plea agreement, and summarily affirmed Defendant's conviction.  Defendant's request for a rehearing, and for a rehearing *en banc* were denied, and on October 30, 2017, the Court of Appeals for the Third Circuit issued, in lieu of a mandate, a certified copy of the September 18, 2017 order affirming Defendant's conviction.  (Doc. 108). Defendant then filed a request for certiorari with the United States Supreme Court, which was denied on February 20, 2018.  *See U.S. v. Wood*, 138 S. Ct. 1031 (U.S. Feb. 20, 2018).

On January 25, 2019, Defendant filed his Original Section 2255 Motion.  (Doc. 112). On April 23, 2019, this Court denied Defendant's Original Section 2255 Motion, and determined that because Defendant had failed to make a "substantial showing" of the denial of a constitutional right, no certificate of appealability would be issued.  (Doc. 122, Doc. 123).

In his Original Section 2255 Motion, Defendant stated the following:

The United States Supreme Court recently granted certiorari in Rehaif v. United States,  2019 U.S. Lexis 573 (Jan. 11, 2019), addressing whether the "knowing"

element attaches to all of elements of § 922(g)(1) except for the commerce element. This case will provide for an additional arguments (sic.) when released and will be argued either as a freestanding (sic.) claim or under the guise of ineffective assistance (sic.) of counsel.

(Doc. 112 at 15). In deciding, and denying, Defendant's Original Section 2255 Motion, because Defendant was not making a current argument with respect to the "knowing" issue raised in the *Rehaif* litigation, the Court neither mentioned nor analyzed the potential applicability of the issue to Defendant's case.

Defendant appealed the Court's denial of his Original Section 2255 Motion to the Court of Appeals for the Third Circuit, and while Defendant's appeal was pending, the Supreme Court issued its decision in *Rehaif*. Defendant then filed an application for a certificate of appealability and supplement with the appellate court, arguing that the Supreme Court's *Rehaif* decision affected the validity of his conviction. In response thereto, the Government filed a motion for summary remand so that this Court could consider whether the *Rehaif* decision affects the validity of Defendant's conviction.

On February 27, 2020, the Court of Appeals for the Third Circuit granted Defendant's application for a certificate of appealability only as to the *Rehaif* issue raised in Defendant's Original Section 2255 Motion, and granted the Government's motion for summary remand "to the District Court to consider Wood's argument under Rehaif v. United States." (Doc. 126 at 2). However, prior to the Court of Appeals issuing its mandate, Defendant filed his Amended Section 2255 Motion. (Doc. 129).

The Court of Appeals for the Third Circuit's Mandate with respect to Defendant's Original Section 2255 Motion, was filed on March 30, 2020. (Doc. 130).

On November 15, 2019, while this matter was on appeal, Chief Judge Hornak of this Court had issued an Administrative Order, filed at Misc. No. 19-1195, whereby he ordered, "that

the Federal Public Defender for the Western District of Pennsylvania is appointed to represent any defendant who was previously determined to be entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify for federal habeas relief under either 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in light of *Rehaif*, and to present any petitions, motions or applications relating thereto to the Court for disposition."  Accordingly, consistent with Administrative Order Misc. No. 19-1195, on March 31, 2020, this Court appointed counsel for Defendant with respect to his Section 2255 Motions.  (Doc. 131).

On June 4, 2020, Defendant filed a brief in support of Defendant's Section 2255 Motions. (Doc. 138).

On August 13, 2020, the Government filed its response in opposition to Defendant's Section 2255 Motions.  (Doc. 141).

On February 3, 2021, Defendant filed a Notice of Supplemental Authority; said supplemental authority is the decision of the Court of Appeals for the Third Circuit in *United States v. Nasir,* 982 F.3d 144 (3d Cir. 2020) ("*Nasir*").[1]  (Doc. 142).

On February 18, 2021, the Government filed the "United States Response to Notice of Supplemental Authority."  (Doc. 148).

On February 25, 2021, Defendant filed a "Reply to Government's Response to Defendant Wood's Notice of Supplemental Authority."  (Doc. 149).

Thus, the parties have fully briefed Defendant's Section 2255 Motions, and Defendant's Section 2255 Motions are ripe for adjudication.

---

[1] On January 8, 2021, the Court of Appeals for the Third Circuit stayed the issuance of its mandate in *Nasir*.

## II.       Standard of Review

Section 2255 of Title 28 of the United States Code provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Whether to conduct a hearing with respect to a Section 2255 motion is within the sound discretion of the District Court. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008); *United States v. Day*, 969 F.2d 39, 41 (3d Cir. 1992) (*quoting Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)).  In exercising that discretion, "the [C]ourt must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.  Further, the Court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief."  *Day*, 969 F.2d at 41-42 (citation omitted).  *See also* Rules Governing Section 2255 Proceedings, Rules 4 and 8.

The Court must view the factual allegations in the light most favorable to the Petitioner. *Government of the Virgin Islands v. Weatherwax*, 20 F.3d 572, 574 (3d Cir. 1994) (district court erred in failing to conduct evidentiary hearing on petitioner's non-frivolous allegations of ineffective assistance of counsel) (subsequent history omitted).  However, a Section 2255 Motion may be dismissed without a hearing if: (1) its allegations, accepted as true, would not entitle Petitioner to relief, or (2) the allegations cannot be accepted as true because they are

contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (citations omitted).

### III.   Discussion

In his counseled briefs in support of his Section 2255 Motions, Defendant raises four claims based upon *Rehaif*.  First, that the Indictment filed against Defendant in this case failed to charge Defendant as *Rehaif* now requires, that Defendant knew that he belonged to the relevant category of persons barred from possessing a firearm.  Second, that it was not stated in the Indictment Memorandum, that, as now required by *Rehaif*, in order for Defendant to be convicted of  Section 922(g)(1), the Government had to prove beyond a reasonable doubt that Defendant knew, when he possessed a firearm, that he had previously been convicted of a crime punishable by imprisonment of more than one year.  Third, that it was not explained to Defendant during the change of plea colloquy, before Defendant pleaded guilty, that, as now required by *Rehaif*, in order for Defendant to be convicted of  Section 922(g)(1), the Government had to prove beyond a reasonable doubt that Defendant knew, when he possessed a firearm, that he had previously been convicted of a crime punishable by imprisonment of more than one year. Fourth, that the Supreme Court's *Rehaif* decision also requires, and Defendant was not so informed, that the Government must prove beyond a reasonable doubt that a defendant knew that his prior felony conviction disqualified him from possessing a firearm.  (Doc. 138 at 5-6).

Additionally, in his Section 2255 Motions, prior to being represented by counsel, Defendant claimed that his conviction for violating Section 922(g)(1) must be vacated, and his case set for trial, because his counsel did not explain to Defendant at his change of plea hearing, as the Supreme Court subsequently decided in *Rehaif*, that the Government had to prove beyond a reasonable doubt that Defendant knew he belonged to a category of individuals prohibited from

possessing a firearm by Section 922(g).  (Doc. 115 at 15, (Doc. 129 at 4).  Defendant posits that had he been so informed, he would not have pleaded guilty to the Section 922(g)(1) charge, and instead, would have proceeded to trial, because "he did not know that he belonged to a category of individuals that were precluded from possessing firearms."  (*Id.* at 5).  The Court interprets this claim as an ineffective assistance of counsel claim.

In further support of Defendant's Section 2255 Motions, Defendant has attached as an exhibit the June 20, 2007 state court guilty plea and sentencing hearing transcript, wherein Defendant: (1) pleaded guilty to all offenses charged in four separate criminal cases, including four felonies (each case had one felony charge to which Defendant pleaded guilty); and (2) was sentenced to a term of imprisonment of two to four years on each felony count in each of the four cases, with a recommendation for boot camp, followed by two years' probation once Defendant was paroled, all terms to be served concurrently.  (Doc 138-1).

In response to Defendant's Section 2255 Motions, the Government asserts that Defendant's Section 2255 Motions must be denied because: (1) under *Rehaif*, the Government does not have to prove that Defendant knew that federal law prohibited his possession of the firearm; (2) by pleading guilty, Defendant waived his right to challenge his indictment; (3) Defendant procedurally defaulted his *Rehaif* claim; and (4) Defendant's procedural default cannot be excused because Defendant has not established either that there was valid cause and actual prejudice, or that Defendant is "actually innocent" of being a felon in possession of a firearm.  (Doc. 141 at 3-19).

A.  *Timeliness of Defendant's Section 2255 Motions*

Defendant filed his Original Section 2255 Motion on January 25, 2019, less than one year after Defendant's conviction became final on February 2, 2018.   Defendant's Amended Section 2255 Motion clearly relates back to his Original Section 2255 Motion wherein, as found by the Court of Appeals for the Third Circuit, Defendant's *Rehaif* argument was sufficiently raised.[2] Accordingly, the Court finds that Defendant's Section 2255 Motions are timely filed pursuant to 28 U.S.C. § 2255(f)(1).

B.  *Non-applicability of Rehaif to Defendant's Criminal Case because Rehaif is Not Retroactively Applicable to a Motion to Vacate, Set Aside, or Correct Sentence Brought Pursuant to 28 U.S.C. § 2255*

As an initial matter, while Defendant argues, and the Government agrees, that the Supreme Court's decision in *Rehaif*, decided on June 21, 2019, is retroactively applicable to Defendant's criminal case, the Court does not so conclude.  To the contrary, as it concluded in *United States v. Battle*, Crim. No. 16-17, 2020 WL 2020 WL 4925678 (W.D. Pa. Aug. 21, 2020) ("*Battle*"), for the following reason, the Court finds that *Rehaif* is not retroactively applicable to Defendant's request for collateral review and thus, Defendant's Section 2255 Motions must be denied.[3]

Section 922(g) provides that "[i]t shall be unlawful" for nine categories of persons to possess firearms based on their status.  18  U.S.C. §§ 922(g)(1)-(9).  One of the categories of

---

[2] Indeed, in light of the Court of Appeals for the Third Circuit's order granting the Government's motion for summary remand "to the District Court to consider Wood's argument under Rehaif v. United States," (Doc. 126 at 2), it was not necessary for Defendant to file an Amended Section 2255 Motion in order for this Court to review his *Rehaif* claims.

[3] As recently explained in *United States v. Duell*, Crim. No. 15087, 2021 WL 858445 (W.D. Pa. Mar. 8, 2021) (J. Fischer), "[t]here is a 'growing dispute among district courts concerning whether Rehaif is in fact retroactive'." *Id.* at *3, n. 2.  To date, "[t]he Third Circuit has yet to decide whether *Rehaif* recognizes a new, non-constitutional right or rule made retroactive on collateral review."  *U.S. v. Roberts*, Crim. No. 15-387, 2020 WL 6700918, at *2, n. 3 (E.D. Pa. Nov. 13, 2020).

persons is a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Defendant was convicted of violating Section 922(g)(1).

In *Chaidez v. United States*, 568 U.S. 342 (2013), the Supreme Court stated:

> "[A] case announces a new rule," *Teague* explained, "when it breaks new ground or imposes a new obligation" on the government. 489 U.S., at 301, 109 S.Ct. 1060. "To put it differently," we continued, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Ibid*. And a holding is not so dictated, we later stated, unless it would have been "apparent to all reasonable jurists." *Lambrix v. Singletary*, 520 U.S. 518, 527–528, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997).

*Chaidez*, 568 U.S. at 347. Prior to *Rehaif* being decided, it was universally held by the federal appellate courts that in order to convict a defendant of violating Section 922(g)(1), "the government was required to prove the following elements beyond a reasonable doubt: (1) that [the defendant] had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that [the defendant] knowingly possessed a firearm; and (3) that the firearm had passed in interstate commerce." *U.S. v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000), as amended (Oct. 27, 2000). In *Rehaif*, the Court determined that the Government also must prove beyond a reasonable doubt that a defendant "knew he had the relevant status when he possessed [the firearm]." *Rehaif,* 139 S. Ct. at 2194. Thus, *Rehaif* announced a "new" rule. *See U.S. v. Whitmire*, Crim. No. 17-34, 2020 WL 4333480, at *1 (S.D. Ohio July 28, 2020) (determining, *Rehaif* announced a "new" rule); *U.S. v. Montgomery*, 442 F.Supp.3d 875, 884 (W.D. Pa. 2020), *as amended* (Mar. 4, 2020) (stating, *Rehaif* set forth a "new rule for the conduct of criminal prosecutions").

Generally, a new rule imposed by the Supreme Court is not to be applied retroactively to criminal cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 311 (1989) (holding,

"new . . . rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced").  There are, however, two exceptions to this general rule.  A new rule may apply "retroactively in a collateral proceeding only if: (1) the rule is substantive, or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding."  *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (alteration in original) (quoting *Teague*, 489 U.S. at 311).  A new rule is "substantive" if "it alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004).

In *Rehaif,* the Supreme Court clarified what the Government must prove in order to convict an individual in one of the nine prohibited categories enumerated in Section 922(g).  As such, the new rule announced in *Rehaif*  is a procedural rule, and not a substantive rule.  Further, it is not a "watershed" rule of criminal procedure, because it does not implicate "the fundamental fairness and accuracy of the criminal proceeding."  *Whorton*, 549 U.S. at 416.  *See U.S. v. Whitmire*, 2020 WL 4333480, at *2 (concluding, "R*ehaif* does not change at all those persons who can be prosecuted under § 922(g). Rather, it holds that when the Government does prosecute a person in one of the prohibited categories, it must prove he or she knew that they were in that category. As to § 922(g)(1), the same class of people now as before *Rehaif* is prohibited from possessing a firearm, to wit, those people who have been convicted of a felony. Now the Government must prove that they knew they had been thus convicted, a change in the procedure at trial, not in the classes of people liable."); *U.S. v. Whitmire*, 2020 WL 4039001, at *3 (S.D. Ohio July 17, 2020), report and recommendation adopted, 2020 WL 4333480 (S.D. Ohio July 28, 2020) (report and recommendation concluding, "*Rehaif* did not announce a new 'substantive rule,' *i.e.*, a rule placing certain individual conduct beyond the power of the

government to prohibit or punishment of a certain class of people.  Instead, it specified what the Government must plead and prove to convict someone of the conduct prohibited by 18 U.S.C. § 922(g), a rule of procedure, but plainly not a 'watershed' rule"); *U.S. v. Goodjohn*, Crim. No. 18-53, 2020 WL 3642684, at *2 (S.D. Ohio July 6, 2020) (report and recommendation concluding, "*Reha*if is not a case which narrowed the class of punishable conduct under § 922(g)"); *U.S. v. Fugate*, Crim. No. 09-165, 2020 WL 3469269, at *3 (S.D. Ohio June 25, 2020) (concluding, *Rehaif* is not retroactive to an initial Section 2255 Motion because *Rehaif* "narrows neither the classes of people who can be punished nor the conduct for which they can be punished and it is not a 'watershed' rule in the sense of affecting a major change in criminal procedure").

In conclusion, because the new rule set forth in *Rehaif* does not apply retroactively to cases on collateral review, Defendant's Section 2255 Motions shall be denied.  *See Jones v. U.S.*, Crim. No. 16-20328, 2020 WL 5045199, at *3 (S.D. Fla. Aug. 7, 2020), *report and recommendation adopted*, Civ. No. 20-22566, 2020 WL 5040181 (S.D. Fla. Aug. 26, 2020) (concluding, "[e]ven if the Motion were timely, Movant's *Rehaif* claim is not entitled to relief because, as already mentioned, it is not retroactively applicable on collateral review"); *U.S. v. Rushton*, Crim. No. 18-329, 2020 WL 4734720, at *2 (N.D. Ohio Aug. 14, 2020) (explaining, in denying an initial Section 2255 motion, "*Rehaif* does not apply retroactively to cases on collateral review"); *Chavez v. U.S.*,  Crim. 09-504, 2020 WL 4430381, at *4 (D.N.M. July 31, 2020) (holding, as to an initial Section 2255 motion, "*Rehaif* is not retroactively applicable"); *Swindle v. U.S.*, Crim. No. 17-158, 2020 WL 3167012, at *1 (W.D. Mich. June 15, 2020), *appeal filed* (6th Cir., July 8, 2020) (concluding, with respect to an initial Section 2255 motion, "*Rehaif* does not apply retroactively to cases on collateral review").  *See also U.S. v. McArthur*, Crim.

No.16-53, 2020 WL 3064293, at *2 (W.D. Pa. June 9, 2020) (J. Conti) (denying motion for appointment of counsel to file an initial Section 2255 Motion premised upon *Rehaif*).

   C.   *The Supreme Court did not hold in Rehaif that the Government must prove that a defendant knew that his prior felony disqualified him from possessing a firearm*

       There are additional reasons to deny Defendant's Section 2255 Motions.   First, to the extent that Defendant's Section 2255 Motions are premised upon the contention that the Supreme Court's *Rehaif* decision requires the Government to prove beyond a reasonable doubt that a defendant knew that his prior felony conviction disqualified him from possessing a firearm, and Defendant was not so informed, Defendant's interpretation of the Supreme Court's decision in *Rehaif* is too broad.   As stated *supra.*, the *Rehaif* decision holds only that when the Government prosecutes a person in one of the nine prohibited categories of Section 922(g) for illegal firearms or ammunition possession, it must prove that the defendant knew that he was in that category when he possessed the firearm.   The Supreme Court did not conclude in *Rehaif* that when the Government prosecutes a person in one of the nine prohibited categories of Section 922(g) for illegal firearms or ammunition possession, it must also prove that the defendant knew that the prior felony disqualified him from possessing a firearm.   *See Nasir,* 982 F.3d at 160 (quoting 18 U.S.C. § 922(g)(1)) (explaining, "[f]or a defendant like Nasir, a previously convicted felon, that knowledge-of-status element means that the government has to prove that he knew he was a 'person . . . who has been convicted . . . of . . . a crime punishable by imprisonment for a term exceeding one year'").   *See also United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020) (holding *Rehaif* did not alter well-known maxim ignorance of the law (or mistake of law) is no excuse); *U.S. v. Singh*, 979 F.3d 697, 727-728 (9th Cir. 2020), *pet. for cert. filed* (Feb. 12, 2021) (holding, after *Rehaif*, "the Government must prove only that [the defendant] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated

13

in § 922(g)"—not that "he knew his status prohibited him from owning a firearm"); *U.S. v. Maez,* 960 F.3d 949, 954-55 (7th Cir.) (stating, "[w]e do not read *Rehaif* as imposing a willfulness requirement on § 922(g) prosecutions."), *pet. for cert. filed*, Nos. 20-6129, 20-6226, 20-6227 (U.S. Oct. 19, 2020); *U.S. v. Bowens,* 938 F.3d 790, 797 (6th Cir. 2019) (rejecting defendants' argument that *Rehaif* required the Government to prove each defendant knew he was prohibited from possessing a firearm because he was an unlawful user of controlled substances in order to convict under [18 U.S.C.] §§ 922(g)(3) and 924(a)(2); "defendants' reading of *Rehaif* goes too far because it runs headlong into venerable maxim that ignorance of the law is no excuse"), *cert. denied,* 140 S. Ct. 2572 (2020).  Accordingly, Defendant's Section 2255 Motions will be denied to the extent they are based on the premise that post-*Rehaif*, the Government must prove beyond a reasonable doubt that a defendant knew that a prior felony conviction disqualified him from possessing a firearm.

   D.  *Defendant Has Procedurally Default his Rehaif Claims*

   As stated *supra*., in his counseled briefs, Defendant asserts three related claims based on *Rehaif*.  First, that the Indictment filed against Defendant in this case failed to charge Defendant as *Rehaif* now requires, that Defendant knew that he belonged to the relevant category of persons barred from possessing a firearm.  Second, that it was not stated in the Indictment Memorandum, that, as now required by *Rehaif*, in order for Defendant to be convicted of  Section 922(g)(1), the Government had to prove beyond a reasonable doubt that Defendant knew, when he possessed a firearm, that he had previously been convicted of a crime punishable by imprisonment of more than one year.  Third, that it was not explained to Defendant during the change of plea colloquy, before Defendant pleaded guilty, that, as now required by *Rehaif*, in order for Defendant to be convicted of  Section 922(g)(1), the Government had to prove beyond a reasonable doubt that

Defendant knew, when he possessed a firearm, that he had previously been convicted of a crime punishable by imprisonment of more than one year.  Collectively, these claims shall be referred to as Defendant's *Rehaif* claims.

It is undisputed that Defendant did not raise his *Rehaif* claims on direct review.  "The general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice," or "actual innocence."  *Massaro v. U.S.*, 538 U.S. 500, 504 (2003); *Smith v. Murray*, 477 U.S. 527, 537 (1986).  *See also Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citation omitted) (stating, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"); *id.* at 621(explaining, "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review").  Therefore, unless Defendant is able to establish either cause and prejudice, or actual innocence, the Court must conclude that Defendant has procedurally defaulted his *Rehaif* claims, and must also deny Defendant's Section 2255 Motions for this reason.[4]

---

[4] In his supporting briefs, Defendant asserts that upon application of the reasoning of the decisions of the Court of Appeals for the Third Circuit in *Nasir, supra.*, the United States Court of Appeals for the Fourth Circuit in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted* (2021), and the United States Court of Appeals for the Eighth Circuit in *United States v. Davies*, 942 F.3d 871 (8th Cir. 2019), Defendant's Section 2255 Motions must be granted.  The Court has thoroughly reviewed the *Nasir*, *Gary*, and *Davies* decisions, and disagrees.  These cases: (1) address and apply that circuit's applicable standard of review to a *Rehaif* challenge in the context of a direct appeal of a criminal conviction, either after trial or a guilty plea; and (2) do not address the entirely different legal analysis applicable to a court's collateral review pursuant to 28 U.S.C. § 2255 where, as here, the defendant is raising *Rehaif* claims that were not raised before the trial court or appellate court on direct appeal.  Additionally, in *Gary*, the Court of Appeals for the Fourth Circuit held that a *Rehaif* error is a structural error that is not amenable to harmless or to plain-error review.  *Gary*, 963 F.3d at 421.  To the contrary, as explained, *infra.*, in *Nasir*, decided months after *Gary* was decided, and which is precedential authority for this Court, the Court of Appeals for the Third Circuit recently determined that a *Rehaif* error is not a structural error.  *Nasir*, 982 F.3d at 171 n. 30.

*1.  Defendant Has Not Established, and Cannot Establish, His Actual Innocence*

To prevent a fundamental miscarriage of justice, a Court can excuse a procedural default on federal habeas, and consider a claim on its merits, if a petitioner can establish that he is "actually innocent" of the crime for which he has been convicted. *Smith v. Murray*, 477 U.S. 527, 537 (1986). As summarized by the Court of Appeals for the Third Circuit in *Sweger v. Chesney*, 294 F.3d 506, 522–23 (3d Cir. 2002):

> To establish actual innocence, "a habeas petitioner must 'persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002) (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). The Supreme Court has required a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851 (emphasis added); *see also Cristin*, 281 F.3d at 420. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851; *see also Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000) (noting that the actual innocence exception "will apply only in extraordinary cases").

*Sweger,* 294 F.3d at 522-523. *See also Bousley,* 523 U.S. at 623 (explaining, "[p]etitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent. To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him") (citations and internal quotation marks omitted).

Defendant was convicted of being a felon in possession of a firearm, in violation of Section 922(g)(1). Defendant's Presentence Report, to which Defendant did not object, indicates that on June 20, 2007, in a single change of plea and sentencing hearing involving four separate

cases, Defendant pleaded guilty, and was sentenced with respect, to four criminal offenses, each offense which was punishable by a term of imprisonment of more than one year.  First, at Count 1 of Allegheny County Court of Common Pleas Docket No. 14759-2005, Defendant was sentenced to a term of imprisonment of 2 to 4 years, followed by 2 years' probation consecutive, for Possession with Intent to Deliver Cocaine.  (Doc. 91 at § 34).  Second, at Count 1 of Allegheny County Court of Common Pleas Docket No. 04445-2006, Defendant was sentenced to a term of imprisonment of 2 to 4 years, followed by 2 years' probation, all concurrent with Docket No. 14759-2005, for Possession with Intent to Deliver Heroin.  (*Id.* at § 35).  Third, at Count 1 of Allegheny County Court of Common Pleas Docket No. 08167-2006, Defendant was sentenced to a term of imprisonment of 2 to 4 years, followed by 2 years' probation, all concurrent with Docket No. 04445-2006, for Possession with Intent to Deliver Heroin.  (*Id.* at § 36).  Fourth, at Count 1 of Allegheny County Court of Common Pleas Docket No. 16807-2006, Defendant was sentenced to a term of imprisonment of 2 to 4 years, followed by 2 years' probation, all concurrent with Docket No. 08167-2006, for Firearms Not to be Carried Without a License.  (*Id.* at § 37).   The three drug trafficking convictions are the felonies charged in Defendant's Indictment as being the basis for Defendant's violation of Section 922(g)(1). (Doc. 5).

Significantly, Defendant does not dispute that these convictions were for crimes punishable by a term of imprisonment of more than one year, or that he was sentenced to 2 to 4 years on each of these offenses, to be served concurrently.  Rather, citing to statements made by the state court judge in the transcript from the June 20, 2007 change of plea and sentencing hearing, Defendant argues that, because with respect to the sentence imposed, the judge agreed to recommend Defendant for boot camp, "this sentencing structure brought the case within the

legal framework of Pennsylvania's boot camp statute and at once created doubt as to whether Wood knew he had been "convicted . . . of [] a crime punishable by imprisonment for a term exceeding one year'." (Doc. 149 at 3) (citing Section 922(g)(1)). Specifically, Defendant focuses on the following statements: "[a]fter commenting to the Defendant, 'It is your life; you got to change it,' . . . the judge sentenced Wood: 'on the felony counts, 2 to 4 years, and I'll make a recommendation for boot camp.' Judge Todd imposed the same sentence as to all of the other counts: 'in effect your sentence will be 2 to 4 years, with a recommendation for boot camp on each one . . . .'" (*Id.*). Defendant further posits, "[Defendant] might have believed that he had not been convicted of a crime that is punishable by more than one year in prison because the judge recommended him for placement into the special boot camp program. There is at least a basis for confusion on the part of a person with a tenth-grade education as to workings of a sentencing scheme which authorizes early release of successful participants." (*Id.* at 4).

The motivational boot camp program at issue is set forth in at 61 Pa.C.S.A. § 3901 *et seq*. A "[m]otivational boot camp" is defined, in relevant part, as "[a] program in which eligible inmates participate for a period of six months." 61 Pa.C.S.A. §3904. By statute:

> The sentencing judge shall employ the sentencing guidelines to identify those defendants who are eligible for participation in a motivational boot camp. The judge shall have the discretion to exclude a defendant from eligibility if the judge determines that the defendant would be inappropriate for placement in a motivational boot camp. The judge shall note on the sentencing order whether the defendant has been excluded from eligibility for a motivational boot camp program.

61 Pa.C.S.A. § 3904. "Motivational boot camp programs may be established only at correctional institutions classified by the secretary as motivational boot camp institutions." 61 Pa.C.S.A. § 3905. In order to be selected for participation in the program, the eligible inmate must apply "to the motivational boot camp selection committee for permission to participate in the motivational boot camp program," and "agree to be bound by all the terms and conditions thereof

and indicate their agreement by signing a memorandum of understanding." 61 Pa.C.S.A. § 3906. If an eligible inmate completes the motivational boot camp program:

> Upon certification by the department of the inmate's successful completion of the program, the Pennsylvania Board of Probation and Parole shall immediately release the inmate on parole, notwithstanding any minimum sentence imposed in the case. The parolee will be subject to intensive supervision for a period of time determined by the board, after which the parolee will be subject to the usual parole supervision. For all other purposes, the parole of the inmate shall be as provided by Chapter 61 (relating to Pennsylvania Board of Probation and Parole).

61 Pa.C.S.A. § 3907.

Having reviewed the state court's June 20, 2007 state court transcript in light of the provisions of 61 Pa.C.S.A § 3901 *et seq*., *supra*., and viewing the factual allegations in the light most favorable to Defendant, for the following reasons, the Court finds that Defendant's reliance on the June 20, 2007 transcript is misplaced, and Defendant has not met, and cannot meet, his burden of establishing his "actual innocence."  In other words, Defendant has not demonstrated, and cannot demonstrate, that as a result of what occurred at the June 20, 2007 state court hearing, it is more likely than not that no reasonable juror would convict Defendant of violating Section 922(g)(1) for his possession of a firearm on February 18, 2016.

First, and critically, at the very beginning of the June 20, 2007 hearing, the state court judge stated that while he could recommend boot camp, whether or not Defendant got in "is out of my control."  (Doc. 138-1 at 4).

Second, the judge clearly and unambiguously explained to Defendant that each of the three drug trafficking crimes and the single firearms offense with which Defendant was charged in the four cases, was punishable by a term of imprisonment of more than one year, an explanation which Defendant indicated he understood:

> The Court: There's four cases today.  The first one is CC 200616807, first count against you, you're charged with carrying a firearm without a license, felony third

19

degree, it is punishable up to seven years in prison and/or $15,000.  Do you understand that?

The Defendant: Yes, sir.

. . .

Next case against you, is CC 2005-14759, first count you are charged with possession with intent to deliver cocaine which is a felony punishable up to ten years in prison and/or $100,00 fine.   Do you understand that?

The Defendant:  Yes.

. . .

The Court:  All right. Next case against you, Mr. Wood, is CC2006304445, the first count against you, you are charged with possession of – possession with intent to deliver a controlled substance, namely heroin, that's punishable by up to 15 years in prison and/or $250,000 fine.

The Defendant:  Yes, sir.

. . .

The Court: Last case against you is CC200608167.  First count against you is possession with intent to deliver a controlled substance, namely heroin, which is felony punishable up to 15 years in prison and/or $250,000 fine.  Do you understand that?

The Defendant: Yes, sir.

(*Id.* at 7-10).

Third, after Defendant pleaded guilty to all of the charges against him in the four cases,[5] including the three felony drug trafficking crimes and the single felony firearms offense, and the judge accepted Defendant's plea, finding "the defendant has understood the proceedings today; he has entered his plea knowingly, intelligently and voluntarily," Defendant was given the following clear and unambiguous sentence, which Defendant again stated he understood:

The Court:  Since the Commonwealth isn't objecting, the sentence is in the standard range.  At case ending in 769, what I'm going to  -- I'll sentence you on the felony

---

[5] Defendant also was charged with a number of misdemeanor and summary offenses.

counts (sic.),[6] 2 to 4 years, and I'll make a recommendation for boot camp.  I'll put two years probation consecutive to your parole.

Case ending in 4445, I'll sentence you to 2 to 4 years, with two years probation to run consecutive to the previous sentence, and, I have to give you a $200 fine on the summaries, mandatory.

8167 ending in that number, the agreement, sentence you to 2 to 4 years, two years probation, runs consecutive, give you $200 fine on that one on the summary.

And in the case ending in 807, I'll sentence you to 2 to 4 years, plus two years probation.  All those sentences I'm going to run concurrent, so you are – in effect your sentence will be 2 to 4 years, with a recommendation for boot camp on each one when you get paroled you will be on probation for two years. . . .  Do you understand the sentence I just imposed on you?

The Defendant: Yes, sir.

(*Id.* at 19-20).

In summary, based on the June 20, 2007 state court change of plea and sentencing colloquy, notwithstanding the state court's boot camp recommendation, a finding that the state court was required to make under state law, *see* 61 Pa.C.S.A. § 3904, the Court finds that a reasonable juror could *only* have concluded that on February 18, 2016, when Defendant possessed the firearm at issue in the Indictment, Defendant knew that he had been previously convicted of multiple crimes punishable by imprisonment for a term exceeding one year, and thus, was not "actually innocent."

2.  *Defendant Has Not Established, and Cannot Establish, Cause*

Having failed to establish his actual innocence, unless Defendant can establish cause and prejudice, Defendant cannot raise his *Rehaif* claims here in habeas.

Upon review of this case in light of the prevailing standards, the Court finds that Defendant has not established, and cannot establish, cause for his failure to raise, on direct

---

[6] At Docket No. 14759-2005, there was only one felony count, possession with intent to deliver cocaine.  (Doc. 91 at ¶ 34, Doc. 138-1 at 8).

21

review, his *Rehaif* claims because, as the Court concluded in *Battle*, "[t]he Rehaif decision is not 'so novel that its legal basis [was] not reasonably available to counsel'." *Battle*, 2020 WL 4925678, at *5 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). As further explained in *United States v. Scott*, Crim. No. 17-23, 2020 WL 1030927 (E.D. La. Mar. 3, 2020), *reconsideration denied*, 2020 WL 1848078 (E.D. La. Apr. 13, 2020):

> Although a procedural default may be excused if a constitutional claim is "so novel that its legal basis is not reasonably available to counsel" when the defendant appeals his conviction, [Defendant's] *Rehaif* claim does not fall into that category. While lower court decisions prior to *Rehaif* had held that the government did not need to prove the *mens rea* requirement to convict a defendant under § 922(g), the issue had been litigated in federal courts across jurisdictions for many years prior to Scott's conviction. *See United States v. Butler*, 637 F.3d 519, 524 (5th Cir. 2011) (collecting cases across circuits examining whether the government needed to prove the defendant's knowledge of his prohibited status to establish a violation of § 922(g)); *United States v. Bryant*, No. 11 CR 765 (RJD), 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) ("The issue decided in *Rehaif* was percolating in the courts for years.") (collecting cases); *United States v. Wilson*, No. 1:17-CR-60, 2019 WL 6606340, at *6 (W.D. Mich. Dec. 5, 2019) ("[O]ther defendants ha[ve] litigated the issue of whether a defendant's knowledge of his status was a required element for a conviction under § 922(g).").

*Scott*, 2020 WL 1030927, at *13 (footnote omitted). *See also U.S. v. McLean*, Crim. No. 13-487, 2020 WL 7384898, at *1 (E.D. Pa. Dec. 16, 2020) (finding, "[h]ere, it cannot be said that the question in *Rehaif* was novel where it was repeatedly litigated in circuit courts."); *U.S. v. Vilella*, Crim. No. 16-285, 2020 WL 6136139, at *3 (E.D. Pa. Oct. 19, 2020) (determining, [i]n this circuit, arguments under *Rehaif* are not sufficiently novel in the § 2255 context, as '[t]he issue . . . was percolating in the courts for years') (citations omitted); *Duell*, 2021 WL 858445, at *4 (same).

### 3. Defendant Has Not Established, and Cannot Establish, Actual Prejudice

While it is not necessary to address whether Defendant has established actual prejudice in light of the Court's conclusion that Defendant has not established cause, for completeness, the

Court will address this query as well.

As recently explained by the district court in *Duell*, supra., "[t]o show 'actual prejudice' as a result of his guilty plea, a defendant 'must show that there is a reasonable probability that, but for [the complained of] errors, he would not have pleaded guilty and would have insisted on going to trial'." *Duell*, 2021 WL 858445, at *2 (citations omitted).   Here, Defendant has not established, and cannot establish, actual prejudice because he has not shown, and cannot show, that there is a reasonable probability that he would not have pleaded guilty to violating Section 922(g)(1), and would have insisted on going to trial, had: (1) Defendant's Indictment charged that Defendant knew, when he possessed the firearm, that he had been previously convicted of a crime punishable by a term of imprisonment of more than one year; (2) the Indictment Memorandum stated that that the Government was required to prove beyond a reasonable doubt that Defendant knew, when he possessed the firearm, that he had been previously convicted of a crime punishable by a term of imprisonment of more than one year; and/or (3) Defendant had been informed in the change of plea colloquy, that the Government was required to prove beyond a reasonable doubt that Defendant knew, when he possessed the firearm, that he had been previously convicted of a crime punishable by a term of imprisonment of more than one year.

As detailed *supra*., with respect to Defendant not being able to establish that he is not "actually innocent," based upon the state court judge's clear and unambiguous statements and explanations during the June 20, 2007 change of plea and sentencing hearing colloquy, there can be no reasonable doubt that on February 18, 2016, when Defendant possessed the firearm at issue in the Indictment, Defendant knew that he had been previously convicted of <u>multiple</u> crimes punishable by imprisonment for a term exceeding one year.  Therefore, there is not a reasonable probability that, but for the claimed *Rehaif* errors, Defendant would not have pleaded

guilty and would have insisted on going to trial, *i.e.*, there was no actual prejudice.

In conclusion, because Defendant has not established either: (1) cause and prejudice; or (2) actual innocence, Defendant's procedural default of his *Rehaif* claims shall not be excused, the claims cannot be raised in habeas, and Defendant's Section 2255 Motions must be denied to the extent that they are based on Defendant's *Rehaif* claims.

### E. Defendant Waived Any Right to Challenge the Validity of the Indictment and Indictment Memorandum by Pleading Guilty

The Court also agrees with the Government's assertion that in addition to procedurally defaulting his *Rehaif* claims, by pleading guilty, Defendant also waived any right to challenge his Indictment (and Indictment Memorandum) based on *Rehaif*. (Doc. 141 at 5). Specifically, the Court finds, based upon *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) and its progeny, that by pleading guilty to violating Section 922(g)(1), Defendant waived his right to challenge the validity of his Indictment and Indictment Memorandum as to all non-jurisdictional defects which could be corrected by a new indictment, which includes the Indictment's failure to charge, as *Rehaif* now requires, that Defendant knew that he belonged to the relevant category of persons barred from possessing a firearm.[7]  *See Marks v. U.S.*, No. 20-11601, 834 Fed. Appx. 568,

---

[7]  In *Nasir, supra.*, the Court of Appeals for the Third Circuit stated:

> Although we agree with Nasir that his conviction under § 922(g) was plainly erroneous after *Rehaif*, we do not agree with his assertion that the error was structural. The Supreme Court has said that "structural errors are a very limited class of errors[.]" *United States v. Marcus*, 560 U.S. 258, 263, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010) (citation and internal quotation marks omitted). Those circumstances are not present here, and we are not inclined to extend the structural error doctrine. We have already said that "[t]rial errors resulting from a failure to submit an element of an offense to the jury are not structural defects, but instead, are subject to harmless or plain error analysis." *United States v. Vazquez*, 271 F.3d 93, 103 (3d Cir. 2001) (en banc). That is consistent with the Supreme Court's decisions in *Neder* and *Johnson*, which held that a judge's mistake in taking from the jury the responsibility to determine the existence of an element of the crime was not structural error. (See supra II.E.1.)

*Nasir*, 982 F.3d at 171 n. 30.

569–70 (11th Cir. 2021) (affirming district court's denial of section 2255 motion, reasoning "we are compelled to conclude that Marks's voluntary guilty plea waived any challenge to his indictment under *Rehaif*");   *U.S. v. Beale*, Crim. No. 17-50, 2021 WL 325713, at *5 (D. Nev. Feb. 1, 2021) (concluding, under *Tollett*, that by pleading guilty, defendant waived his collateral attack of indictment based on *Rehaif* since "[t]he government's failure to include the knowledge-of-status requirement in Beale's indictment is exactly the type of error that could have been cured with a new indictment"); *Williams v. U.S*., Crim. No. 16-20611, 2020 WL 6375174, at *11 (S.D. Fla. Oct. 30, 2020) (citing *United States v. Stokeling*, 798 F. App'x 443, 446 (11th Cir. 2020), *pet. for cert. filed* (Jul. 9, 2020) (denying section 2255 motion to the extent defendant argued that the indictment was defective for failing to contain an essential element of the crime, because defendant "waived this argument by pleading guilty");   *U.S. v. Hutton*, Crim. No. 16-184, 2020 WL 5517332, at *3 (E.D. La. Sept. 14, 2020) (citing *United States v. Johnson*, 781 Fed. App'x 370, 371 (5th Cir. 2019) (denying section 2255 motion based on failure of an indictment to include the *Rehaif* knowledge element, concluding that the argument the indictment was defective was waived by the defendant's guilty plea).

Therefore, Defendant's Section 2255 Motions also shall be denied to the extent they challenge the validity of the Indictment and Indictment Memorandum filed against Defendant based upon *Rehaif*, because, by pleading guilty to violating Section 922(g)(1), Defendant waived this claim.

F.   *Defendant's Ineffective Assistance of Counsel Claim Fails*

As stated *supra*., prior to being represented by counsel, Defendant argued that his counsel provided ineffective assistance when he did not inform Defendant during his criminal proceedings, that the Government was required to prove beyond a reasonable doubt that at the

time he possessed the Ruger Security Six .357 revolver, on or about February 18, 2016, Defendant knew that he belonged to a class of individuals prohibited from possessing firearms by 18 U.S.C. § 922(g)(1). (Doc 12 at 15, Doc. 129 at 2). Thus, while his counseled briefs do not make this claim, out of an abundance of caution, the Court will address this claim.

Unlike with respect to Defendant's *Rehaif* claims, "[a] § 2255 motion is a proper and indeed the preferred vehicle for a federal prisoner to allege ineffective assistance of counsel." *U.S. v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (citations omitted). Accordingly, Defendant's ineffective assistance of counsel claim has not been procedurally defaulted.

To prevail on an ineffective assistance of counsel claim, Defendant must show that (1) his "counsel's performance was deficient," *i.e.*, it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Here, Defendant's ineffective assistance of counsel claim fails because it is well established that "failing to predict a change in the law," such as occurred when the Supreme Court issued its decision in *Rehaif*, "is not deficient performance."[8] *U.S. v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015) (citing *Sistrunk v. Vaughn*, 96 F.3d 666, 672 (3d Cir. 1996)). *See U.S. v. Collazo-Ortiz*, Crim. No. 17-320, 2021 WL 662497, at *3 (E.D. Pa. Feb. 18, 2021) (holding, ineffective assistance of counsel argument, for not explaining to defendant, pre-*Rehaif*, that knowledge of his status as a felon was a material element of the offense prior to his guilty plea, failed because "'[t]here is no general duty on the part of defense counsel to

---

[8] As explained by the Unites States Court of Appeals for the Eleventh Circuit in *United States v. Rehaif*, 888 F.3d 1138 (11th Cir. 2018), *rev'd and remanded*, 139 S. Ct. 2191 (2019), prior to the Supreme Court's decision in *Rehaif*, "there [was] a longstanding uniform body of precedent holding that the government does not have to satisfy a mens rea requirement with respect to the status element of § 922," "[a]nd no court of appeals [had] required proof of the defendant's knowledge of his prohibited status under any subsection of § 922(g)." *Rehaif*, 888 F.3d at 1144 (footnote omitted containing appellate court citations). *See also Nasir*, 982 F.3d at 144 (stating, "it bears repeating that, until *Rehaif*, § 922(g) had not been understood as the Supreme Court interpreted it there[;] no knowledge-of-status element had previously been perceived in the statute, and no proof of it was required").

anticipate changes in the law,' so counsel's failure to explain the law as it is today could not support an ineffective assistance of counsel claim") (citation omitted).

Accordingly, Defendant's Section 2255 Motions also shall be denied to the extent they are premised upon Defendant's claim that his counsel rendered ineffective assistance of counsel when he failed to inform Defendant, before Defendant pleaded guilty to violating Section 922(g)(1), that the Government had to prove beyond a reasonable doubt that when Defendant possessed the firearm, he knew that he had previously been convicted of a crime punishable by imprisonment of more than one year.

G.  *An Evidentiary Hearing is Not Necessary to Decide, and Deny, Defendant's Section 2255 Motions*

Finally, for the reasons set forth above, the Court finds that an evidentiary hearing is not necessary to decide Defendant's Section 2255 Motions because the motions, files and record in this case show conclusively that Defendant is not entitled to relief.  *See U.S. v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *U.S. v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)) (explaining, a district court may summarily dismiss a Section 2255 motion without a hearing where the "motion, files and records, 'show conclusively that the movant is not entitled to relief'").

**IV.    Conclusion**

For the reasons set forth above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, remanded to this Court by the United States Court of Appeals for the Third Circuit to consider Defendant's argument under *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (Doc. 112), and Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 129), are DENIED.

Further, a certificate of appealability will not issue because Defendant has failed to "make a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

An appropriate Order follows.

SO ORDERED this 17th day of March, 2021.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:     All ECF Registered Counsel of Record